IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RED DOG MOBILE SHELTERS, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-CV-3756-K |
| KAT INDUSTRIES, INC. and KAT MACHINE, INC., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the *Plaintiff's Motion for Partial Summary Judgment on the Defendants' Counterclaim and Affirmative Defense of Inequitable Conduct and Defendants' Counterclaim of Laches*, docket number 158 (the "Plaintiff's MSJ") and *Defendants Kat Industries, Inc. and Kat Machine, Inc.'s Motion for Partial Summary Judgment*, docket number 154 (the "Defendants' MSJ"). The Court has reviewed the parties' briefs and all related filings and evidence, including the responses and replies to the motions for summary judgment and the supporting evidence provided by the parties. In the Plaintiff's MSJ and the Defendants' MSJ, the parties move for summary judgment on a various issues in this matter and on multiple grounds. The Court grants Defendant's MSJ as to no infringement; denies Defendants' MSJ on all other issues and grounds; and denies Plaintiff's MSJ as to all issues and grounds presented.

I.   **Background - The Patent in Suit: The '001 Patent**

The '001 patent, entitled "Re-Deployable Mobile Above Ground Shelter" was issued by the USPTO on November 17, 2013. It was assigned to Red Dog, who is the sole owner of the entire right, title, and interest in the '001 patent.

The patent discloses the invention of a protective shelter with unique features. Some of the features include the ability to transport and relocate the storm shelters easily and the use of the Bernoulli effect to help keep the shelters in place during a storm. The Bernoulli effect is an air pressure effect that occurs when air flows over a surface. Simply put, when air flows over a surface in a certain way, air pressure drops, which could make it easier for a shelter to be blown away. The disclosed invention includes venting in certain locations to take advantage of this effect. The venting runs from the top of the shelter to underneath the shelter. This makes air move from underneath the shelter to above the shelter, through the vents. Which in turns creates a vacuum under the shelter, which helps keep it in place.

Even though the specification describes the shelter as being mobile, above ground, and as taking advantage of this Bernoulli effect the claims do not strictly require the claimed invention to have these features.

II.   **Applicable Law - Summary Judgment Standards**

Summary judgment is proper under Federal Rule of Civil Procedure 56 if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). A factual dispute is genuine if the evidence is sufficient that a reasonable trier of fact could return a verdict for the nonmoving party. *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997). If the moving party seeks summary judgment as to an opponent's claims or defenses, the "moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). Once the moving party meets this burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Little v Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ( en banc).

### III. Plaintiff's MSJ - Defendants' Defense of Inequitable Conduct and Defendants' Defense of Laches

In the Plaintiff's MSJ, the Plaintiff moves the Court to grant summary judgment as to two of the defenses asserted by the Defendants in this matter: the defense that the patent in suit is invalid or unenforceable because the inventors engaged in inequitable conduct before the USPTO during patent prosecution and the defense of laches.

The Court finds that there are disputes of material fact as to both of these defenses that must be resolved by the trier of fact. So, summary judgment as to these defenses would be improper at this time. For this reason, the Court denies Plaintiff's

MSJ on these issues.

IV. **Defendant's MSJ – No Infringement, Anticipation, Obviousness, and Inequitable Conduct**

The Defendants assert that they are entitled to summary judgment on multiple issues and grounds, including that the accused product does not infringe the patent in suit; the patent in suit is invalid because the invention claimed was anticipated by the prior art; the patent in suit is invalid because it was obvious in light of the prior art; and the patent in suit is invalid because the inventors engaged in inequitable conduct before the USPTO during patent prosecution.

The Court finds that there are disputes of material facts as to the assertions that the patent in suit is invalid because the invention claimed was anticipated by the prior art; the patent in suit is invalid because it was obvious in light of the prior art; and the patent in suit is invalid because the inventors engaged in inequitable conduct before the USPTO during patent prosecution.

So, granting of summary judgment as to these issues would be improper at this time. For this reason, the Court denies Defendants' MSJ as to these issues.

But, the Court grants Defendants' MSJ as to the issue of no infringement because there are no genuine disputes of material fact present in this issue and the Defendants are entitled to judgment on this issue as a matter of law.

Defendants argue that in light of the language of the claims, the accused product cannot infringe the patent in suit. Defendants point to claim language that

requires an accused product to have rails that elevate and/or support the claimed shelter and requires that the claimed shelter have a ballast located beneath the floor. Defendants argue that the accused product does not have either of these features and so it does not infringe the patent in suit. Defendants support these assertions with an expert's declaration.

Plaintiff argues that there is a factual dispute as to whether or not the accused product incorporates these limitations into its structure. In support of this argument, Plaintiff provides the Court with its expert declaration asserting that the accused product has rails that elevate and/or support the shelter and that the accused product has a ballast located beneath the floor.

## V. Court's Analysis Of No Infringement Ground For Summary Judgment

Plaintiff asserts infringement of Claims 44, 45, 47, 48, 55, 57, 60, 77, 89, 90, 91, 92, 93, and 94. As a representative example of an asserted claim, Claim 44 of the '101 patent reads as follows:

> "A protective shelter, comprising:
> An enclosure having at least a floor, at least one sidewall coupled to the floor, a door, and a roof coupled to the at least one sidewall, wherein the protective shelter has a first axis and an orthogonal second axis both parallel to a plane including the floor of the enclosure, and wherein the protective shelter has a greater first dimension along the first axis and a lesser second dimension along the second axis;
> **Multiple rails that extend along the first axis, are coupled to the enclosure, and support the protective shelter on a substrate;**
> First and second deck sections coupled to the rails, wherein the first and

> second deck sections extend substantially symmetrically from the enclosure along the first axis; and
>
> A ballast disposed in one or more locations in the protective shelter, including at least one location in a set including beneath the floor, in the first deck section, and in the second deck section." '101 Patent at 21:7-27.

All other asserted claims include a rail limitation that requires any accused infringing product to have rails that support, elevate, or support and elevate the shelter. So, if the accused product does not have any rails that support and/or elevate the shelter then the accused product cannot infringe the patent in suit as a matter of law.

A factual dispute over whether or not an accused product contains all of the claim limitations of a claim of the patent in suit is a dispute of material fact that prevents granting a summary judgment on the issue of no infringement. But, the dispute of material fact must be a genuine dispute of material fact. In the issue before the Court, there is no genuine dispute of material fact.

Defendants provide an expert declaration that asserts that this is the case, i.e. the accused product does not have any rails that support and/or elevate the shelter. In his declaration, the Defendants' expert describes the accused product and explains his position with pictures of the accused product. In response, the Plaintiff has provided its own expert declaration in which the expert asserts that there are in fact rails in the accused product that support and/or elevate the shelter. Normally, this would be

enough of a factual issue to preclude summary judgment on this issue.

But, the Court finds that the Plaintiff's expert's opinion in this matter is not credible evidence because the Plaintiff's expert has not interpreted the claims and the accused product in a manner consistent with the way a person having ordinary skill in the art would interpret these theses issues.

In support of his conclusion that the accused product has rails at all, the Plaintiff's expert points to rail like structures that are on the sides of the accused products and form a short wall at the front and back ends of the product. This portion of the accused product is made up of a two side pieces attached to a top piece, which is then set onto of the bottom plate of the structure. The bottom plate of the shelter covers the entire underneath of the shelter. The expert describes the rails as being made up of the two side pieces and the top piece. He then notes that there is no independent bottom portion of the rail, but that a portion of the bottom panel of the entire shelter makes up the bottom portion of the rail. In this way, he creates a "rail" by using only a portion of the bottom plate for the bottom portion of the rail. There may be a fact issue as to whether or not this is a "rail" as would be understood by a person of ordinary skill in the art, but the Plaintiff's explanation of how these rails support and/or elevate the shelter is inconsistent with the way a person of ordinary skill in the art would interpret these requirements.

The Plaintiff's expert goes on to state that because of Newton's Third Law these

rails are supporting the shelter. Newton's Third Law states that for every action there is an equal and opposite reaction. Applying this to a structure sitting on the ground, the structure is applying a downward force onto the ground and the ground is applying an equal and opposite force on the structure. The Plaintiff's expert states that this is the situation in the case of the rails of the shelter, which are on the ground. He asserts that the rails support the structure by and through these forces.

The Court does not dispute Newton's Third Law or the expert's application of the law to the accused product. But, the Court does disagree with the expert's conclusion that this creates "support" for the shelter and finds that a person of ordinary skill in the art would have the same disagreement. As used in patent terminology, this is not what "support" is referring to.

Support refers to something that holds up or raises something else up. By way of a simple example, the legs to a table support the top of the table. The legs hold the top up and more importantly, in the context of "support," the legs keep the table top from laying on the ground. If the Plaintiff's expert's analysis were applied to this example, the table top would somehow now support the legs that are underneath it because it helps apply the equal and opposite force that the table is applying to the ground. This is just simply not what "support" means in this context and if it did, then any claimed invention that "supported" something else would encompass a claim as to Newton Third Law of Motion. This cannot be the case under patent law and cannot be the

meaning that a person having ordinary skill in the art would apply to this patent. So, the Plaintiff's expert opinion as to this question is not credible.

In regards to the Plaintiff's expert's assertion that the rails, as he defines them, elevate the floor of the shelter, the expert points to the fact that the bottom portion of his "rail" is made up of a piece of metal that has a thickness to it. He then points to his "floor" of the shelter, which according to him is a two dimensional plane that coincides with the top of the bottom panel of the shelter (the same piece which he describes as the rail being part of). He states that since the level of the floor is above the thickness of the bottom portion of the rail, the material that makes up the thickness of the bottom portion of the rail is actually elevating the floor. By this logic, he states that the accused product has rails that elevate the floor above a substrate, even if the amount of elevation is only equal to the thickness of the bottom panel of the structure.

The Court finds that this interpretation is not consistent with the interpretation that a person of ordinary skill in that art would have of this claim limitation and accused product. Under this interpretation, it would be impossible to create a floor that was not elevated. This cannot be correct. Even if the floor was correctly described as a two dimensional surface upon which people stand, the expert's application of "elevate" does not make any sense. The surface that makes up a floor would have to be composed of some type of material and that material would have to have a thickness to it. So, every floor would always be elevated, under the Plaintiff's expert's analysis. For

example, a wood floor installed in a house would be "elevated" by the thickness of the wood boards used to make up the floor. This is simply not the meaning of elevate and under this definition "elevate" would not have any meaning at all. This cannot be a correct interpretation of the term and certainly not an interpretation that a person of ordinary skill in the art would apply to this patent. So, the Plaintiff's expert's opinion as to the floor being elevated by the rails is not credible.

In addition to the rails that elevate and/or support limitation, Claim 60 also has a limitation that requires "a ballast disposed beneath at least one of a set including the floor, the first deck section and the second deck section" '101 Patent at 23:4-5. Other claims contain similar, but not identical ballast language. Defendants have also moved for summary judgment on no infringement of Claim 60, but have not brief this issue for the other claims that require a ballast.

Like in the case of the rails that elevate and/or support, the Defendants' expert declares that the ballast limitation is not present in the accused product. The expert points to the ballast of the accused product and shows that the ballast is concrete that is set inside a recessed area on top of the deck like section of the accused product. It is not underneath anything. The concrete is filled into the recessed area and uncovered. In this way it is also used to form a platform where one can stand directly on the ballast. According to the Defendants' expert, this cannot satisfy the ballast limitation of Claim 60, because it is not underneath anything.

The Plaintiff's expert disagrees that the accused product does not have a ballast beneath the floor. He does not disagree with the Defendants' experts' description of the concrete ballast of the accused product. The Plaintiff's expert "finds" some additional ballast in the accused product. He points to the bottom plate of the accused product and once again points out that he defines the floor as a two dimensional surface that coincides with the top of this bottom plate and that the bottom plate has a thickness to it. He goes on to state that since the bottom plate has a thickness to it and the floor is above the material that makes up the thickness of the bottom plate, that the mass of this material constitutes ballast beneath the floor. So, according to the Plaintiff's expert, the accused product does have ballast located beneath the floor.

The Plaintiff's expert's understanding regarding ballast suffers from the same problems that apply to his understanding of elevate. Under the Plaintiff's expert's analysis, any and all materials used to make the shelter would be "ballast," because all materials have some thickness and associated mass to them. This mass would be considered ballast. For example, the metal in the door of the shelter and the metal that forms the roof would be ballast under his definition. This cannot be a correct interpretation of this term because under this interpretation the word "ballast" becomes meaningless in the claim language and again a patentee that included a ballast limitation in a claim would be claiming the use of a law of nature. This cannot be the case under patent law and as a matter of law a person of ordinary skill in the art would

not understand and apply the term "ballast" in the manner consistent with the Plaintiff's expert's opinion in this matter. So, the Plaintiff's expert's opinion regarding ballast is also not credible summary judgment evidence.

Since the Plaintiff's expert's opinion regarding rails that elevate and/or support and regarding ballast are not credible summary judgment evidence because they clearly contradict the understanding that a person having ordinary in the skill in the art would apply to these terms, the only remaining summary judgment evidence on these matters is the Defendants' expert's opinion. So, there is no genuine dispute of material fact over these issues, and Defendants are entitled to summary judgment on the issue of no infringement as a matter of law.

So, the Court, GRANTS Defendants' Motion for Summary Judgment on the issue of no infringement of the asserted claims of the patent in suit by the accused product because as a matter of law the accused product does not satisfy the rails that elevate and/or support limitation and the ballast limitation.

SO ORDERED.

Signed October 6th, 2015.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE